[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This civil action came to this Court by Writ Summons and Complaint on August 29, 1989, claiming damages in excess of $15,000 for non-payment of rent. The defendants appeared pro se on August 29, 1989, and filed an Answer and Special Defenses. An Amended Complaint was filed on September 12, 1989, and another on the date of trial, this latter to correct the name of defendant Deborah DeBoer to Marsha Deboer. The case proceeded to trial on June 11, 1991.
The Plaintiff is the Public Administrator of intestate estates for Manhattan County in New York. She was appointed Administrator of the estate of Edith G. Moore in the Westport Probate Court. Ms. Moore, who died in January of 1983, was a resident of New York City and owned property located at 415 Newtown Turnpike, in Weston, Connecticut.
The primary issue in the case is whether or not a landlord-tenant relationship existed between MS. Moore and the defendants, Michael and Marsha DeBoer, who entered into possession of the property before Ms. Moore's death.
The Plaintiff offered the testimony of two witnesses and read into the record the deposition of Marjorie E. Schulke, former tax collector for the town of Weston. Sydney Breskin, the manager of the Real Estate Department of the Public Administrator's Office testified that he is the custodian of the books recording monies received and disbursed in connection with the properties which MS. Griffin administers. He testified that the ledger cards on the account of Mr. Moore's estate show no entries reflecting receipts of monies from the defendants or from anyone making payments on their behalf; he further testified that there were no other accounts into which monies received from the defendants could have been deposited. Under cross-examination by Mr. DeBoer, Mr. Breskin testified that he knew of no oral or written requests for rent made by the administrator nor of any visits made to the property by the administrator or her agent. He said he had records of a disbursement made in August of 1989 in the amount of $894.00, but did not know CT Page 5019 the status of any tenancy after the defendants vacated.
The Plaintiff's second witness was a real estate broker who testified as to her experience in renting residential property and the subject property specifically. She described the house as in fair to poor condition, with questionable water potability due to the presence of a cesspool on the property. She described it as a cottage and the essence of her testimony was that, given the condition of the house, its monthly fair rental value would have ranged from $450.00 to $600.00 between 1983 and 1989, with a $25.00 increase in each given year. The rental payments would have totalled $41,000.00 for those years.
Michael DeBoer testified for the defendants, stating that he and his wife took possession on September 5, 1982 after meeting with Mrs. Moore in August, whereby the defendants agreed to be caretakers. His testimony was that there was no rental agreement. He agreed that they had sent her checks for $500.00 each for a total of $2,500.00, and the last had been returned by the post office. This corroborated the deposition testimony of Ms. Schulke. She had testified that Mr. DeBoer had contacted her in 1983 or early 1984 to ask if Ms. Schulke knew how to get in touch with Ms. Moore as his "rent checks were being returned."
By this time Ms. Schulke had had tax bills returned, too. She subsequently had other contacts with the defendants in which Mr. DeBoer "mentioned that he was putting it in a special savings account because some day he might have to pay rent." She got the impression that it was for some day when someone came and said, "Hey, you owe the rent," but she [didn't] "know that any direct statements were made."
Ms. Schulke was unavailable to testify at the trial. The court was therefore unable to experience her demeanor or manner of testifying. In response to this Mr. DeBoer testified that he never claimed he was paying rent and might have mentioned a small savings account but that if he had one it was not for the purpose stated.
He further testified that he took care of the property, which was in poor condition, by installing a furnace for $1,480.62, repairing the bathroom floor, retiling the kitchen, painting the exterior and interior twice, repairing the water heater, building a living room closet, screen door and deck. He cleaned the septic tank annually and removed a tree and did other things, such as mowing the lawn and removing snow. He testified to over $5,000.00 in expenses but produced few paid receipts and no cancelled checks. He further testified that he had met with and spoken with one Mr. Aronsen from the Public Administrator's office over the years of his residence, that no demand was made for rent and that Mr. Aronsen CT Page 5020 referred to him as the caretaker.
Despite the Defendant's failure to produce corroborating evidence, the plaintiff failed to meet her burden of proof. There was no testimony or evidence to show that the administrator or her agents had ever made a demand upon the DeBoers for rent or attempted to negotiate a lease with or evict the DeBoers at any time between Ms. Moore's death in 1983 and 1989, when the defendants vacated. There was no evidence offered that a landlord-tenant relationship existed, between the decedent and the defendants. The plaintiff failed to prove that a rental agreement existed between Ms. Moore and the DeBoers.
One can question whether or not the defendants fully believed themselves absolved from paying a sum certain each month; Mr. DeBoer claimed that the $500.00 payments were intended by Ms. Moore and the defendants to total $2,500.00 to be paid at the beginning of their residence or over a period of five months. As suggestive of "rent" as these payments might sound, the fact is that the plaintiff's evidence did not meet the burden of proof.
Therefore, judgment shall enter for the defendants.
LEHENY, J.